UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
TIMOTHY LONG,

                               Plaintiff,

   -against-

LIEZE LOT SWEEPING SERVICES, LLC.,
TIMOTHY M. LIEZE, SR. (*Individually*).

                               Defendants.
------------------------------------------------------------------------X

CIVIL ACTION NO.

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff, TIMOTHY LONG, as and for his Complaint against the above Defendants respectfully alleges upon information and belief as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to his rights under 42 U.S.C. 42 U.S.C. Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. §34:11—56a, *et seq.* (the "NJWHL") Plaintiff seeks damages to redress injuries he suffered as a result of Defendants' failure to appropriately compensate Plaintiff according to federal and state regulations.

2. With regard to the Fair Labor Standards Act claims, Timothy Long ("Mr. Long") seeks equitable and monetary relief for the unlawful actions of Lieze Lot Sweeping Services LLC., including back pay, liquidated damages, attorney's fees and expenses, and all other relief to which he is entitled pursuant to the Fair Labor Standards Act.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's Fair Labor Standards Act claims pursuant to 28 U.S.C. §1331, and the FLSA, 29 U.S.C. § 216(b). This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because the claims arising under state law are so related to the claims arising under Fair Labor Standards Act that they form the same case or controversy.

4. Venue is proper in this district based upon the fact that Defendants' principal place of business within the County of Gloucester, State of New Jersey, within the District of New Jersey. Additionally, the events took place within the District of New Jersey.

## PARTIES

5. Plaintiff is an adult citizen of the State of New Jersey who resides in Cumberland County, New Jersey. His address is 8754 Highland Street, Port Norris, NJ 08349.

6. Defendant LIEZE LOT SWEEPING SERVICES LLC. is a New Jersey limited liability company located at 819 Market Ave, Deptford, NJ 08096.

7. Defendant TIMOTHY M. LIEZE, SR. is an adult citizen of Gloucester County in the State of New Jersey.

8. At all times material Defendant LIEZE LOT SWEEPING SERVICES LLC. ("LIEZE") provides lot sweeping, building, and office cleaning services.

9. At all times material, Defendant TIMOTHY M. LIEZE SR. ("TIMOTHY") was and is an Owner of Defendant LIEZE LOT SWEEPING SERVICES LLC.

## MATERIAL FACTS

10. Around 2006, Defendant hired Plaintiff as a "Sweeper Driver."

11. Plaintiff worked as a Sweeper Driver throughout his employment by Defendant LIEZE LOT SWEEPING SERVICES LLC.

12. At all material times, Defendants were employers within the meaning of the Fair Labor Standard Act and New Jersey Wage and Hour Laws.

13. Defendant knew that Plaintiff was a nonexempt employee within the meaning of the Fair Labor Standards Act and New Jersey Wage and Hour Laws.

14. The duties Defendant assigned to Plaintiff did not qualify for any exemption to the overtime provisions of either the Fair Labor Standards Act or the New Jersey Wage and Hour Law. Plaintiff's duties included picking up debris in parking lots and surrounding areas, emptying trash cans, and driving a sweeper truck.

15. Defendant scheduled Plaintiff to work six days per week, starting his shift at 8:00 p.m. and ending his shift between 6:00 a.m. and 9:00 a.m.

16. Plaintiff worked between 60 and 78 hours per work week.

17. Defendant initially paid Plaintiff $140.00 per day.

18. At some point, Defendant changed Plaintiff's pay structure to $14.00 per hour.

19. During the time of Plaintiff's employment, Defendants' work week began on Sundays and ended on Saturdays.

20. Defendant paid Plaintiff what was designated as his "normal wages" every Friday. Plaintiff's "normal wages" equaled $14.00 per hour.

21. Defendant did not compensate Plaintiff for hours worked in excess of forty (40) at the rate of time and a half, even when Defendants' own records specified the number of hours worked in excess of forty (40) per week.

22. On or around November 2016, Defendant changed Plaintiff's pay structure to $800.00 net pay per week.

23.  $600.00 (after taxes) of this was issued via $750.00 payroll check and the remaining $200.00 as a cash payment.

24. Defendant LIEZE intentionally issued partial cash payment to Plaintiff in an attempt to circumvent required workman's compensation contributions.

25. Around April 10, 2017 Plaintiff complained to his Defendant TIMOTHY that he was not being paid for overtime hours and was considering retaining a lawyer.

26. Immediately following this complaint, Defendant TIMOTHY terminated Plaintiff via text message.

27. Defendant had employed approximately five (5) Caucasian employees since on or around 2015, but systematically reduced this number to zero, culminating with Plaintiff's wrongful termination.

28. Defendant only employed workers of Hispanic descent after termination of Plaintiff.

29. Plaintiff claims constructive and/or actual discharge as also seeks reinstatement.

30. Plaintiff claims a continuous practice of discrimination and claims a continuing violations and makes all claims herein under the continuing violations doctrine.

31. The above are just some of the examples of unlawful discrimination and retaliation to which the Defendants subjected the Plaintiff.

**AS A FIRST CAUSE OF ACTION
FOR VIOLATION OF
THE FAIR LABOR STANDARDS ACT OF 1938,
AS AMENDED 29 U.S.C. § 201, *et.seq.***

32. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

33. Plaintiff Timothy Long is an employee within the meaning of the Fair Labor Standards Act.

34. Defendant Lieze Lot Sweeping Services LLC. is an employer within the meaning of the Fair Labor Standards Act. Its annual dollar volume of business exceeded five hundred thousand dollars during each of the past three years.

35. Defendant Timothy Lieze, Sr. is an employer within the meaning of the Fair Labor Standards act. He is the owner of Lieze Lot Sweeping Services LLC and had operation control of Lieze Lot Sweeping Services LLC. Defendant Timothy Lieze, Sr. had ultimate control of Plaintiff's work schedule.

36. As an employer, Timothy Lieze, Sr. is and was jointly and severally liable – in his individual capacity – for unpaid wages, and other damages under the Fair Labor Standards Act.

37. Defendants decided that Plaintiff would not be paid for time worked in excess of forty (40) hours per week at a rate of time and one half.

38. At all times material, Defendants determined the rate and method of Plaintiff's compensation.

39. Defendants were required by law to pay Mr. Long for all time worked and for at least one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per week.

40. Mr. Long's regular rate of pay consisted of an hourly rate of $14.00 per hour.

41. Defendants intentionally failed to pay Mr. Long at the rate of time and one half for all time worked in excess of forty (40) hours per week.

42. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of The Fair Labor Standards Act of 1938.

### AS A SECOND CAUSE OF ACTION FOR FAILURE TO PAY OVERTIME IN VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW ARTICLE 19

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

44. Defendants Timothy Lieze, Sr. and Lieze Lot Sweeping Services LLC. are "employers" within the meaning of the New Jersey Hour and Wage Law ("NJWHL").

45. At all relevant times, Plaintiff was employed by Defendants within the meaning of the NJWHL.

46. Defendants willfully violated Plaintiff's rights by unlawfully classifying him as an exempt employee and failing to pay him overtime compensation at rates not less than one and one-half his regular rate for each hour worked in excess of forty (40) hours in a work week.

47. As a result of the Defendants' violations of the NJWHL, Plaintiff has suffered damages in amounts to be determined at trial.

48. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of The New Jersey Wage and Hour Law.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION AND RETALIATION UNDER THE NEW JERSEY WAGE AND HOUR LAW §34:11—56a24.

49. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

50. Defendant Timothy Lieze, Sr. and Lieze Lot Sweeping Services LLC. are "employers" within the meaning of the NJWHL.

51. At all relevant times, Plaintiff was employed by Defendants within the meaning of the NJWHL.

52. Defendant Timothy Lieze, Sr. and Lieze Lot Sweeping Services LLC discharged and discriminated against Plaintiff for making a complaint to his employer that he has not been paid wages in accordance with the NJWHL.

53. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of The New Jersey Wage and Hour Law.

### AS A FOURTH CAUSE OF ACTION
### UNDER NEW JERSEY STATE LAW
### DISCRIMINATION

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

55. New Jersey's Law against Discrimination Section 10:5-12(a) sets forth in pertinent part as follows:

    " It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: a) For an employer, because of race . . , color, national origin . . , sex.. to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from  employment such individual or to

discriminate against such individual in compensation or in terms, conditions or privileges of employment."

56. New Jersey's Law against Discrimination Section 10:5-12(l) sets forth in pertinent part as follows:

[i]t shall be . . . an unlawful discrimination . . . [f]or any person to refuse to buy from, sell to, lease from or to, license, contract with, or trade with, provide goods, services or information to, or otherwise do business with any other person on the basis of the . . . sex . . . of such other person . . ."

57. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff as set forth herein.

58. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the New Jersey's Law against Discrimination.

### AS A FIFTH CAUSE OF ACTION
### UNDER NEW JERSEY STATE LAW
### RETALIATION

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60. New Jersey's Law against Discrimination Section 10:5-12(d) sets forth that it is unlawful "[f]or any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having

aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act.

61. Defendants violated this section as set forth herein.

62. As such, Plaintiff has been damaged as set forth herein.

### AS A SIXTH CAUSE OF ACTION
### UNDER NEW JERSEY STATE LAW
### AIDING AND ABETTING

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. New Jersey's Law against Discrimination Section 10:5-12(e) sets forth in pertinent part as follows: "Unlawful employment practices, discrimination. It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination:  e) For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

65. Defendants engaged in an unlawful discriminatory practice by aiding and abetting the discrimination against the Plaintiff as set forth herein.

66. Defendants violated all other applicable sections of N.J. Stat. § 10:5-12(e) et. Seq.

67. As such, Plaintiff has been damaged as set forth herein.

### AS A SEVENTH CAUSE OF ACTION
### UNDER FEDERAL LAW 42 U.S.C. SECTION 1981

68. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

69. 42 USC Section 1981 states in relevant part as follows:

a) Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

b) "Make and enforce contracts" defined for purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

70. Plaintiff, as a member of the Caucasian race, was discriminated against by Defendants because of his race as provided under 42 USC Section 1981 and has suffered damages as set forth herein. Plaintiff also claims unlawful retaliation under 42 U.S.C. 1981 for his opposition to Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory

damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

DATED: January 17, 2018

                                            DEREK SMITH LAW GROUP, PLLC

                                                    Attorneys for Plaintiffs

                                   By: _____
                                         Samuel C. Wilson, Esq.
                                         1845 Walnut Street, Suite 1600
                                         Philadelphia, Pennsylvania 19103
                                         (215) 391-4790