UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TIMOTHY LONG, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 18-733 |
| v. | : | MEMORANDUM OPINION & ORDER |
| LIEZE LOT SWEEPING SERVICES, TIMOTHY M. LIEZE, SR., | : | |
| | : | |
| Defendants. | | |

This matter is before the Court on Defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Having considered the parties' submissions, the Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, Defendants' motion will be denied.

## Background

Plaintiff Timothy Long was employed as a "sweeper driver" by Defendant Lieze Lot Sweeping Services LLC from 2006 until his termination in August of 2017. Plaintiff's duties included picking up debris in parking lots and surrounding areas, emptying trash cans, and driving a sweeper truck. He was routinely scheduled to work six days per week, starting his shift at 8:00 p.m. and ending his shift between 6:00 a.m. and 9:00 a.m. Plaintiff worked between 60 and 78 hours per work week.

Defendant initially paid Plaintiff $140 per day. At some point, Defendant changed Plaintiff's pay structure to $14 per hour. During the time of Plaintiff's employment, Defendants' work week began on Sundays and ended on Saturdays. Defendant paid Plaintiff what was designated as his "normal wages" of $14 per hour every Friday. Defendant allegedly did not compensate Plaintiff at the rate of time and a half for hours worked in excess of forty.

On or around November 2016, Defendant changed Plaintiff's pay structure to $800 net pay per week, $600 (after taxes) of this was issued via a $750 payroll check and the remaining $200 as a cash payment. On or about April 10, 2017, Plaintiff complained to Defendant Timothy M. Lieze, Sr. that he was not being paid for overtime hours and was considering retaining a lawyer. Immediately following this complaint, Defendant terminated Plaintiff via text message. The Amended Complaint in this matter alleges violations of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law, N.J. Stat. Ann. §34:11-56a, ("NJWHL").

The Amended Complaint also alleges that Defendant had employed approximately five Caucasian employees since on or around 2015 but "systematically reduced this number to zero" with Plaintiff being the final Caucasian employee terminated and Defendant thereafter employing only

workers of Hispanic descent. Through the instant motion, Defendants seek dismissal of Plaintiff's claims for: violations of the Law Against Discrimination for gender, race, age, color and national origin discrimination (Count IV); violations of the New Jersey Law Against Discrimination ("NJLAD") for retaliation (Count V); (6) violations of the NJLAD for Aiding and Abetting (Count VI); and violations of 42 U.S.C. §1981 for race discrimination and retaliation (Count VII).

Standard on Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings. The movant under Rule 12(c) must show clearly that no material issue of fact exists and that it is entitled to judgment as a matter of law. Rosenau v. Uniford Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 29091 (3d Cir. 1988)). A motion under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Fed. R. Civ. P. 8(a)(2). While a court must accept as true all allegations in the plaintiff's complaint and view them in the light most favorable to the plaintiff, Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. Phillips, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## Discussion

Plaintiff's First Amended Complaint alleges the following facts with respect to discrimination: Plaintiff is Caucasian, other Caucasians were "systematically terminated since on or around 2015," Plaintiff was the last Caucasian terminated, and thereafter Defendant employed only workers of Hispanic descent.

Claims under 42 U.S.C. § 1981 are governed by the burden-shifting principles set forth by the Supreme Court:

4

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 252-53 (1981) (citations omitted)(quoting *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).

The Third Circuit has adopted a modified *McDonnell Douglas* standard in reverse discrimination cases. *Iadimarco v. Runyon,* 190 F.3d 151, 163 (3d Cir. 1999). To establish a prima face case of reverse discrimination, the plaintiff must present "sufficient evidence to allow a reasonable fact finder to conclude (given the totality of the circumstances) that the defendant treated plaintiff less favorably than others because of [his] race, color, religion, sex, or national origin." *Id.* (internal quotations and citations omitted).

However, a plaintiff in an employment discrimination case does not have to plead facts in his complaint establishing a prima facie case. The Supreme Court held that "an employment discrimination plaintiff does not need to plead a prima facie case of discrimination . . . ," in part because

5

the *McDonnell Douglas* standard is an evidentiary standard, not a pleading standard. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510, 515 (2002). Therefore, a plaintiff claiming employment discrimination need only plead facts sufficient to meet the standard of Fed. R. Civ. P. 8(a). *Thomas v. Independence Twp.,* 463 F.3d 285, 295 (3d Cir. 2006) ("The marching orders of the Supreme Court in . . . *Swierkiewicz* are clear: the notice pleading standard of Rule 8(a) applies in all civil actions, unless otherwise specified in the Federal Rules or statutory law."). While the Supreme Court's holding in *Twombly* altered the notice pleading standard, the Court stated that its holding there did not run counter to *Swierkiewicz.* 550 U.S. at 569-70. In *Swierkiewicz,* the Court found that employment discrimination plaintiffs were not required to meet a heightened fact pleading of specifics, "but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Thus, in this reverse discrimination case, Plaintiff does not have to meet the modified *McDonnell Douglas* standard for a prima facie case of reverse discrimination but does have to meet *Twombly's* requirement that the facts alleged must raise the right to relief above a speculative level. The elements of the prima facie claim do not have to be proven, but merely must be plausible. Plaintiff has alleged sufficient facts to plausibly support

6

the conclusion that Defendant treated him less favorably than others because of his race. Specifically, Plaintiff has alleged that since approximately 2015, all Caucasian employees have been terminated culminating in Plaintiff's termination, after which Defendants hired only Hispanic employees. This analysis serves to deny dismissal of both the § 1981 and the NJLAD claims of race discrimination.

To maintain a claim for retaliation § 1981, Plaintiff must establish a prima facie case by tendering evidence that "(1) he engaged in protected activity, (2) his employer took an adverse employment action against him, and (3) there was a causal connection between his participation in the protected activity and the adverse employment action." *Estate of Oliva v. N.J., Dep't of Law & Pub. Safety, Div. of State Police,* 604 F.3d 788, 798 (3d Cir. 2010). There are no allegations in the Amended Complaint that Plaintiff complained to his supervisor about any form of racial discrimination. In briefing, however, Plaintiff argues that he believed he complained to his employer about a discriminatory practice and was immediately terminated. Plaintiff will have fourteen days from the date of entry of this Opinion and Order to file a Second Amended Complaint to attempt to clarify the protected activity at issue in the retaliation claims. *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 245-46 (3d Cir. 2008).

At this motion for judgment on the pleadings stage, the Court is unable to make a determination of whether both Defendants were employers or whether the LLC was the employer and the individual Defendant was the supervisor. Therefore, the Court cannot dismiss the claim for aiding at abetting at this time. Similarly, striking the demand for punitive damages would be premature at this stage of the litigation.

## Conclusion

For these reasons,

IT IS ORDERED this 18th day of April, 2019 that Defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) [Dkt. No. 16] is hereby <u>DENIED</u>.

s/ Joseph H. Rodriguez<br>
JOSEPH H. RODRIGUEZ<br>
U.S.D.J.